IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| MICHELLE DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7122 |
| | ) | |
| AUTO RESOURCES, INC., | ) | JUDGE BUCKLO |
| d/b/a/ J.D. BYRIDER OF JOLIET, | ) | |
| | ) | MAGISTRATE JUDGE KEYS |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Auto Resources, Inc., d/b/a J.D. Byrider of Joliet, by its attorneys, David E.

Kawala and Alison B. Crane of Swanson, Martin & Bell, LLP, states as its Answer and

Affirmative Defenses to plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to plaintiff by
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and by the laws
of the State of Illinois. Plaintiff seeks mandatory injunctive relief and damages to redress the
discriminatory employment practices engaged in by defendant.

ANSWER:     The allegations of paragraph 1 are merely descriptive of the Complaint
and such allegations are only introductory and are conclusory. In further
answering, defendant denies the plaintiff is entitled to any relief and
damages to redress any allegedly discriminatory employment practices
engaged in by this defendant.

## JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and
28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §
2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. With
respect to plaintiff's state law claims, this Court has supplemental jurisdiction over this action
pursuant to 28 U.S.C. § 1367.

ANSWER:     This defendant admits the allegations contained in paragraph 2.

1

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

ANSWER:    This defendant admits the allegations contained in paragraph 3.

## PARTIES

4. Plaintiff, MICHELLE DOWNS, is a female citizen of United States who resides in Illinois.

ANSWER:    This defendant admits the allegations contained in paragraph 4.

5. Defendant, AUTO RESOURCES, INC., d/b/a. J.D. BYRIDER OF JOLIET, is a corporation properly recognized and sanctioned by the laws of the State of Illinois, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

ANSWER:    This defendant admits the allegations contained in paragraph 5.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 30, 2007. The EEOC issued Plaintiff a Notice of Right to Sue on her Charge of Discrimination on December 11, 2007, which was received on December 13, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

ANSWER:    This defendant admits that plaintiff has filed such a charge on the date
           stated but denies that the EEOC performed any investigation of the charge
           at plaintiff's request.  This defendant admits the remaining allegations of
           paragraph 6.

## COUNT I — TITLE VII — SEXUAL HARASSMENT

2

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

    ANSWER:    This defendant incorporates its answers to paragraphs 1-6 as its answer to paragraph 7 as if those answers were fully set forth herein.

8. Plaintiff began working for Defendant as a sales associate in September 2007.

    ANSWER:    This defendant admits the allegations contained in paragraph 8.

9. Throughout her tenure with Defendant, Plaintiff has performed to Defendant's reasonable expectations, as evidenced by her October 2007 award of Sales Associate of the Month and positive feedback from management and ownership of Defendant

    ANSWER:    This defendant admits that in some aspects of her work, plaintiff met defendant's expectations and further states that plaintiff did not meet defendant's expectations in other aspects of her work. This defendant admits that plaintiff received a Sales Associate award in October 2007 and further states that plaintiff received positive and negative feedback from defendant's management and ownership.

10. Beginning with the inception of her employment with Defendant in September 2007, Plaintiff's immediate supervisor, Manager Ben Mutz, has subjected Plaintiff to a relentless course of unwanted sexual propositions, inappropriate touching, and a continuous campaign of hostile, abusive, and sexually harassing conduct within the workplace. Plaintiff began to address the issues of sexual harassment with management of Defendant from the outset of her employment.

    ANSWER:    This defendant denies the allegations contained in paragraph 10.

11. In addition, Manager Mutz has abused his authority over Plaintiff by subjecting her to abusive, demeaning, and belittling comments in front of her co-workers, as a means of psychological torment aimed at coercing Plaintiff to succumb to his repeated unwanted sexual propositions.

    ANSWER:    This defendant denies the allegations contained in paragraph 11.

12. Despite Plaintiff's repeated and express oppositions to his conduct, Manager Mutz has dauntlessly continued his sexually harassing course of conduct aimed at Plaintiff.

    ANSWER:    This defendant denies the allegations contained in paragraph 12.

13. Manager Mutz deliberately created an abusive work environment for Plaintiff on the basis of her gender, female, by subjecting her to a continuous course of sexual advances, offensive comments, obsessive inquiry into Plaintiff's sexual behavior, and by fixating on Plaintiff's physical appearance, instances of which include, but are not limited to, the following:

a. Upon inception of Plaintiff's employment with Defendant, Manager Mutz informed Plaintiff that she should "go make nice" with Ken, Underwriter for Defendant, and "give him a hug" because Ken played a vital role in closing sales with customers. Manager Mutz also informed Plaintiff that she should "do what [he] say[s], because [he] can make [her] a lot of money."

b. Throughout her employment with Defendant, Manager Mutz would offer Plaintiff unsolicited details of his sexual encounters. For example, he repeatedly informed Plaintiff that he slept with numerous females because he had mind control over women and had mastered the ability to "finesse" them into sleeping with him. On one such occasion, Manager Mutz called Plaintiff into his office and described an encounter he had with a woman who insisted she did not wish to engage in anal intercourse with him. Manager Mutz continued to express that the woman eventually begged him to "pack it in." Manager Mutz elaborated, despite protest from Plaintiff, that "whenever a woman says she does not wish to partake in anal intercourse, she really means yes." Later that day, Manager Mutz barged into Plaintiffs office, shouting, "pack it in baby, pack it in!" In addition to the aforementioned incident, Manager Mutz repeatedly shared stories with Plaintiff of his time in the service, during which he served as an assistant to Clergy, Manager Mutz would flout the fact that a large number of officer's wives would proposition him for sexual favors on a daily basis. Plaintiff consistently requested that Manager Mutz refrain from telling such stories and using vulgarity in her presence, to no avail.

c. On numerous occasions, Manager Mutz would inquire of Plaintiff regarding details of her sexual behavior. In one instance, Manager Mutz asked Plaintiff if she swallowed when she performed oral sex. Though Plaintiff continually refused to answer Manager Mutz's inappropriate inquires, Manager Mutz refused to cease his sexually charged questioning of Plaintiff.

d. Manager Mutz continuously informed Plaintiff that he was "well-endowed." One afternoon, after Plaintiff sold a car to a female customer, Manager Mutz called Plaintiff into his office and told her the reason she made the sale was because "the mother was staring at [his] crotch the whole time and [he is] well-endowed." On other occasions, Manager Mutz would enter Plaintiff's office, prop his leg up on top of her desk, and gyrate his pelvic area in close proximity to her face. When Plaintiff complained, Manager Mutz stated that he was stretching. Though Manager Mutz stopped gyrating and removed his leg from Plaintiff's desk, he remained in her office hovering over Plaintiff's desk in the immediate vicinity of her person while he continued to address her.

4

e. Throughout her tenure with Defendant, Manager Mutz reiterated to Plaintiff that they could accomplish any sale working as a pair, because they were both "well-endowed." While making such comments, Manager Mutz would not only stare inappropriately at Plaintiffs breasts, but would also poke Plaintiff in her side and/or wrap his arms around her body, just below her breasts.

f. Manager Mutz made comments about Plaintiff's appearance and sexual appeal. For instance, Manager Mutz told Plaintiff she should consider working at other dealerships where she could make more money because she was "not hard to look at and well-endowed." Further, Manager Mutz continuously attempted to persuade Plaintiff to join his marketing business for anti-aging vitamins, professing her guaranteed success because of hex "strong sex appeal." On other occasions, Manager Mutz mocked Plaintiff and told her that the vitamins could help her get in shape, lose weight, and get rid of her grey hairs. Though Plaintiff perpetually refused Manager Mutz's solicitations, he continued to harass her about his vitamins, stating that they increased his sexual drive and stamina and that he believed they worked on women as well because the vitamins gave one woman he knew a "hot ass."

g. After Plaintiff repeatedly refused Manager Mutz's advances and complained to him regarding his inappropriate behavior, Manager Mutz took to embarrassing Plaintiff in front of her co-workers and customers. For example, during one meeting between Plaintiff, Manager Mutz, and a potential customer, Manager Mutz laughed at Plaintiff, and referred to her as a "one-month Wonder," in reference to her October 2007 sales award.

h. As Manager Mutz began to make arrangements for Defendant's sales team to attend a training program in Carmel, Indiana, he insistently asked that Plaintiff share a room with her male co-workers, Jason Kruger and George Peters. Though Plaintiff repeatedly refused and informed Manager Mutz that she was not comfortable with such an arrangement, Manager Mutz continued his attempts to persuade her to share a room with male sales associates Kruger and Peters. When Manager Mutz eventually comprehended that Plaintiff would not acquiesce to his requests, he informed Defendant's sales team that Plaintiff forced the team to stay at a lower-quality hotel because she would not share a room with male sales associates Kruger and Peters.

ANSWER:    This defendant denies the allegations contained in paragraph 13 and all subparts thereof.

14.    Throughout the course of Plaintiff s employment, Manager Mutz repeatedly displayed his sexually harassing conduct in the presence of Defendant's Owner, Mike Burgstone. Upon information and belief, Owner Burgstone took no substantive action towards remedying Manager Mutz's inappropriate and demeaning treatment of Plaintiff, nor was Manager Mutz subjected to any discipline as a result thereof.

5

ANSWER:    This defendant denies the allegations contained in paragraph 14.

15.    Upon the onset of Manager Mutz's afore-alleged conduct, Plaintiff vehemently opposed and expressed her objections to the treatment she endured to General Manager Tom Gorman, Human Resources Representative Kristy, and Human Resources Representative Angela on numerous occasions, to no avail.

ANSWER:    This defendant denies the allegations contained in paragraph 15.

16.    When Plaintiff reported Manager Mutz's behavior to Human Resources Representatives Kristy and Angela, she was advised to apprise General Manager Gorman of Manager Mutz's sexually harassing behavior. Human Resources Representatives Kristy and Angela took no action reasonably designed to prevent Manager Mutz from continuing to create a sexually hostile work environment for Plaintiff.

ANSWER:    This defendant denies the allegations contained in paragraph 16.

17.    Plaintiff subsequently reported Manager Mutz's sexually harassing behavior to General Manager Gorman on numerous occasions, including but not limited to, informing him of Manager Mutz's offensive touching, demeaning behavior, and relentless stories of his sexual encounters. During such occasions, Plaintiff explained that she was uncomfortable with the way Manager Mutz treated her.

ANSWER:    This defendant denies the allegations contained in paragraph 17.

18.    When Plaintiff first reported Manager Mutz's behavior to General Manager Gorman in the beginning of October 2007, General Manager Gorman admitted to Plaintiff that he thought Manager Mutz "got too close" to her. Immediately following Plaintiff's first complaint to General Manager Gorman, Manager Mutz called Plaintiff into his office, apologized, and attempted to embrace Plaintiff by pulling her towards his chest.

ANSWER:    This defendant denies the allegations contained in paragraph 18.

19.    When Plaintiff returned to General Manager Gorman to report the same offensive behavior later that month, General Manager Gorman generally laughed off Plaintiff's complaints, and assured her that he would speak to Manager Mutz.

ANSWER:    This defendant denies the allegations contained in paragraph 19.

20.    Plaintiff's complaints to General Manager Gorman did nothing to alleviate Manager Mutz's relentless and continuous campaign of hostile, abusive, and sexually harassing conduct towards Plaintiff.

ANSWER:    This defendant denies the allegations contained in paragraph 20.

21. On November 12, 2007, Plaintiff returned to General Manager Gorman's office to report that Manager Mutz's sexually harassing behavior had escalated to an intolerable level of offensiveness. General Manager Gorman replied, "this too shall pass." Upon conclusion of the meeting, General Manager Gorman informed Plaintiff that he would once again speak to Manager Mutz regarding his behavior. That evening, Manager Mutz approached Plaintiff and asked her "what the fuck" she was doing in "throwing him under the bus?"

ANSWER:    This defendant denies the allegations contained in paragraph 21.

22. On November 15, 2007, three days after complaining to General Manager Gorman regarding Manager Mutz' s behavior, Defendant terminated Plaintiff's employment during a meeting with Manager Mutz and General Manager Gorman. General Manager Gorman explained to Plaintiff that Manager Mutz was not going anywhere, and that she could no longer work for Defendant if she could not work for Manager Mutz.

ANSWER:    This defendant denies the allegations contained in paragraph 22.

23. The aforementioned acts and omissions of Defendant constitute unlawful harassment against Plaintiff, because of her sex, female, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 § 2000e et seq.

ANSWER:    This defendant denies that any of the "aforementioned acts or omissions of defendant" occurred and therefore denies the allegations contained in paragraph 23.

24. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and future wages and benefits, and physical and emotional harm.

ANSWER:    This defendant denies the allegations contained in paragraph 24.

WHEREFORE, defendant Auto Resources, Inc., d/b/a J.D. Byrider of Joliet prays for judgment in its favor and against the plaintiff.

## COUNT II — TITLE VII — RETALIATION

25. Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

ANSWER:    This defendant restates its Answers to paragraphs 1 through 22 of Count I as its Answer to paragraph 25 of Count II as if those answers were fully set forth herein.

7

26.    Plaintiff reported sexual harassment to Human Resources and management of Defendant continuously throughout the duration of her employment to eradicate Manager Mutz's behavior, to no avail.

ANSWER:    This defendant denies the allegations contained in paragraph 26.

27.    As a direct and proximate result of Defendant's retaliatory action against Plaintiff, Plaintiff has suffered injury, including but not limited to, lost and future wages and benefits, and physical and emotional harm.

ANSWER:    This defendant denies the allegations contained in paragraph 27.

28.    Defendant deliberately and maliciously retaliated against Plaintiff because of her participation in a protected activity in violation of Plaintiff's federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

ANSWER:    This defendant denies the allegations contained in paragraph 28.

WHEREFORE, defendant Auto Resources, Inc., d/b/a J.D. Byrider of Joliet prays for

judgment in its favor and against the plaintiff.

## COUNT III — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.    Paragraphs one (1) through twenty-two (22) are incorporated by reference as if fully set out herein.

ANSWER:    This defendant restates its Answers to paragraphs 1 through 22 of Count I as its Answer to paragraph 29 of Count III as if those answers were fully set forth herein.

30.    Plaintiff seeks respondeat superior liability against Defendant for the tortious conduct of its management employees, Ben Mutz, Manager, Mike Burgstone, Owner, and Tom Gorman, General Manager, as the alter egos of Defendant.

ANSWER:    The allegations contained in paragraph 30 are legal conclusions of the pleader.  In further answering, this defendant admits that Mr. Mutz, Burgstone and Mr. Gorman were employed in certain management functions for this defendant.  This defendant denies that Mr. Mutz, Mr. Burgstone and/or Mr. Gorman are "alter egos of the defendant."

31.    Defendant's Manager Mutz, Owner Burgstone, and General Manager Gorman have engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to psychologically and emotionally abuse Plaintiff. Examples of such conduct have been detailed in the preceding paragraphs.

8

ANSWER:    This defendant denies the allegations contained in paragraph 31.

32.  Defendant, acting by and through its management employees, Manager Mutz, Owner Burgstone, and General Manager Gorman, intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that Plaintiff would suffer such distress, when it subjected Plaintiff to a course of conduct designed to psychologically and emotionally abuse Plaintiff.

ANSWER:    This defendant denies the allegations contained in paragraph 32.

33.  In their positions with Defendant, Manager Mutz, Owner Burgstone, and General Manager Gorman exercised a substantial degree of control over Plaintiff's terms and conditions of employment and abused their authority over Plaintiff by subjecting her to outrageous conduct.

ANSWER:    This defendant denies the allegations contained in paragraph 33.

34.  Plaintiff has suffered and continues to suffer extreme emotional distress as a direct and proximate result of Defendant's extreme and outrageous conduct.

ANSWER:    This defendant denies the allegations contained in paragraph 34.

35.  Defendant, acting by and through its officers Manager Mutz, Owner Burgstone, and General Manager Gorman, intentionally subjected Plaintiff to egregious and abusive treatment which Defendant knew would cause Plaintiff to suffer severe emotional distress.

ANSWER:    This defendant denies the allegations contained in paragraph 35.

36.  Plaintiff continues to suffer the severe emotional and psychological trauma inflicted upon her by Defendant and has sought treatment from a mental health professional as a result thereof. Plaintiff continues to struggle with the effects of Defendant's extreme and outrageous conduct on a daily basis.

ANSWER:    This defendant denies the allegations contained in paragraph 36.

37.  The aforementioned acts and omissions of Defendant constitute intentional infliction of emotional distress, in violation of the laws of the State of Illinois.

ANSWER:    This defendant denies the allegations contained in paragraph 37.

WHEREFORE, defendant Auto Resources, Inc., d/b/a J.D. Byrider of Joliet prays for judgment in its favor and against the plaintiff.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As and for its separate and affirmative defenses, defendant states as follows:

### First Affirmative Defense

1.    At all relevant times, defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

### Second Affirmative Defense

2.    The plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

### Third Affirmative Defense

3.    The plaintiff failed to report the conduct alleged and exhaust defendant's remedies before taking action.

### Fourth Affirmative Defense

4.    At all relevant times, defendant engaged in a good faith effort to comply with Title VII and all other federal, state, and common laws, and therefore can not be held liable for punitive damages.

### Fifth Affirmative Defense

5.    To the extent that Plaintiff has alleged damages, including but not limited to, lost and future wages and benefits, Plaintiff has failed to diligently seek other employment and otherwise mitigate her alleged damages.

### Sixth Affirmative Defense

6.    At damages sough by Plaintiff in Count III of her Complaint should be barred or reduced in proportion to the amount of contributory fault the fact finder attributes to plaintiff, pursuant to ILCS 5/2 1116 (c).

## Jury Demand

Defendant demands trial by jury.

Respectfully submitted,

s/ Alison B. Crane_____
**One of the Attorneys for Defendant,
Auto Resources, Inc., d/b/a J.D. Byrider of
Joliet**

David E. Kawala – ARDC # 6191156
Alison B. Crane – ARDC # 6289278
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
312-321-9100
312-321-0990 (fax)